

IN THE UNITED STATES DISTRCT COURT
EASTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

Action Number __1:24CV1036__
(To be supplied by the Clerk
U.S. District Court)

Please fill out this complaint form completely. The court needs the information requested
in order to assure that your complaint is processed as quickly as possible and that all your
claims are addressed. Please print/write legibly of type.

## I.    PARTIES

A.    Plaintiff:
   1.    (a). _JAMES R. WOOD_    (b). _1305477_
             (Name)                              (Inmate number)
         (c). _21360 DEERFIELD DR._
               (Address)
             _CAPRON, VA. 23829_

Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer
or release. If plaintiff fails to keep the /clerk informed of such change, this action may be
dismissed.

B.    Defendant (s):

     Plaintiff is advised that only persons acting under color of state law are proper
defendants under section 1983. The Commonwealth of Virginia is immune under the
Eleventh Amendment. Private parties such as attorneys and other inmates may not be
sued under section 1983. In addition, liabilities under section 1983 requires personal
action by the defendant that caused you harm. Normally, the Director of the Department
of Corrections, wardens and sheriffs are not liable under section 1983 just because they
supervise persons who may have violated your rights. These persons are liable only if the
were personally involved in the alleged deprivation.

1.    (a) _PLEASE SEE ATTACHED_ (b)_____
             (Name)                              (Title/job description)

         (c)_____
               (Address)
         _____



2.        (a) _PLEASE SEE ATTACHED_ (b) _____
                        (Name)                              (Title/job description)

          (c)_____
                        (Address)

          _____


3.        (a)_____ (b)_____
                        (Name)                              (Title/job description)

          (c)_____
                        (Address)

          _____


        If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

        Plaintiff MUST provide and address for defendant (s) in order for the court to serve the complaint. If plaintiff does not provide and address for a defendant, that person may be dismissed as a party to this action.

        In addition, plaintiff MUST provide a copy of the completed complaint and any attachments for EACH defendant named.

II.     PREVIOUS LAWSUITS

A.      Have you ever begun other lawsuits in any state or federal court relating to your imprisonment? Yes [X]    No [ ]


B.      If your answer to A is YES: You must describe any lawsuit, whether currently pending or closed, in the space below. [If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.]

        1.      Parties to previous lawsuit:
                Plaintiff (s) _JAMES R WOOD_
                Defendant(s) _RALPH NORTHAM. ETAL,_


        2.      Court [if federal court, name the district; if state court, name the county]: _ALEXANDRIA_

        _____

LAW SUITES

CALOSE THOMAS ET AL   PLAINTIFFS
   V

TAMMY WILLIAMS ETAL   DEFENDANTS.
NORFOLK   2: 2+CV576   DISMISSED WITHOUT PRETUDICE

JAMES R WOOD   PLAINTIFF
   V

MARLO CLARK  ETAL   DEFNTANTS
JUDGE JAMAR K WARKER   NORFOLK  2: 23 -CV-644
ACTIVE

JAMES R WOOD   PLAINTIFF
   V

HARLD CLARK   DEFNDANTS ETAL.
JUDGE ROSIE D ALSTON JR   ALEXANDRIA 1:23-CV-01889
ACTIVE

JAMES R WOOD   PLAINTIFF
   V

STEVE HERRICK   DEFENDANT ET AL
JUDGE  ROSIE D ALSTON JR. ALEXANDRIA 1:24-CV-736 (RDA/WEF)
ACTIVE

3.   Date lawsuit filed: _12/18/20_

4.   Docket number: _1:20 — CV — 01432 RDA — JFA_

5.   Name of Judge to whom case was assigned:

_ROSSIE A ALSTON JR_

6.   Disposition [Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?]: _DISMISED WITHOUT PREJUDICE_

## III   GRIEVANCE PROCEDURE

A.   At what institution did the event concerning your current complaint take place? _DEERFIELD_

B.   Does the institution listed in A have a grievance procedure?

Yes [X]        No [ ]

C.   If your answer to B is YES:

1.   Did you file a grievance based on this complaint?

Yes [X]    No [ ]

2.   If so, where and when: _PLEASE SEE ATTACHED EVIDENCE_

3.   What was the result? _UNFOUNDED_

4.   Did you appeal? Yes [X]        No [ ]

5.   Result of appeal: _UPHELD_

D.   If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [ ]        No [ ]. If you answered Yes:  What steps did you take?_____

E.   If your answer in NO, explain why you did not submit your complaint to the prison authorities. _____

## IV.    STATEMENT OF THE CLAIM

[State here as briefly as possible the facts of your case. Describe how each defendant is involved and how you were harmed by their action. Also include the names of any other persons involved, dates and places of events. You may cite constitutional amendments you allege were violated, but do not give any legal arguments or cite any cases or statutes.

If you intend to allege several related claims, number and set forth each claim in a separate    paragraph.    (Attach    additional    sheets    if necessary.) PLEASE SEE ATTACHED 42 USC. § 1983 COMPLAINT AND EVIDENCE.

## V. RELIEF

I understand that in a section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _JRW_ [please initial]

The plaintiff wants the Court to: [check those remedies you seek]

_X_ award money damages in the amount of $ _2,000,000.00_

___ grant injunctive relief by _PLEASE SEE ATTACHED_

___ other _____

## VI. PLACE OR INCARCERATION

Please list the institution at which you were incarcerated during the last six months. If you were transferred during this period, list the date (s) of transfer. Provide an address for each institution.

_NONE_

_____

_____

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE:    The parties are advised of their right, pursuant to 28 U.S.C. § 636 (c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

Do not consent to proceed before a U.S. Magistrate Judge? Yes [ ] No [X]. You may consent at any time; however, any early consent is encouraged.

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself of herself.

Signed this _15_ day of _MAY_ , 2014

Plaintiff _James R. Ward_

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS DIVISION

JAMES R. WOOD, PRO SE

#1805477

DEERFIELD CORRECTIONAL CENTER

21360 DEERFIELD DRIVE

CAPRON, VIRGINIA 23829

    PLAINTIFF

      V                    Case # _____

J. BROWN, DDS

TREATING DENTIST, VADOC DEERFIELD

6900 ATMORE DRIVE

RICHMOND, VIRGINIA 23261


L. SHAW

AMERICAN DISABILITIES ACT COORDINATOR, VADOC DEERFIELD

6900 ATMORE DRIVE

RICHMOND, VIRGINIA 23261

    DEFENDANTS ET. AL.,

*24-cv-1036*

PRISONER COMPLAINT: 42 U.S.C. § 1983

FOR: DAMAGES AND REDRESS

PRELIMINARY STATEMENT

    This is a Civil Rights Action filed by James R. Wood, an inmate under the custodial care and supervision of Chadwick S. Dotson, VADOC employees as

1.

named herein, is brought for damages, redress and relief for the allegations that the named defendant violated his Eighth Amendment Right by not providing proper, timely and adequate dental care for his serious medical/dental needs in which the Defendants were deliberately indifferent to his serious dental needs by: not providing proper, timely or adequate teeth cleaning, dental prosthetics, refusing to fit a crown on a perfectly salvagable tooth to save it from extraction. These actions, once proven, will constitute the unnecessary and wanton infliction of pain and suffering under the Eighth Amendment in violation of Federal and State laws. These actions constitute cruel and unusual punishment and caused physical, mental, and emotional suffering, further injuries and harm that was needless all because the Defendants did not provide the proper dental care or corrections to his dental care that their medical licensing or custodial responsibilities mandated them to provide. Once [Wood] proves to a jury that his allegations are correct and true, the Defendants will be liable for damages and redress for their actions against James R. Wood.

## JURY DEMAND

1) I demand a jury trial in these matters to correctly decide these matters and to award any proper damages and redress under law.

## JURISDICTIONS

2) This Court has jurisdiction over this matter for the Plaintiff's claims of violations to his federally protected constitutional rights under 42 U.S.C. § 1331(a) and § 1343.

3) This Court has supplimental jurisdiction of the Plaintiff's State

law injunctive relief claim under 28 U.S.C. § 1367.

## PARTIES

PLAINTIFF

4) James R. Wood [Wood] hereafter, is an inmate under the custodial care and supervision of the VADOC during all events that transpired as described in this complaint and continues to be an inmate within their care. [Wood] is wholly reliant upon the VADOC for any and all essentials of life which includes being provided any necessary medical care. [Wood] has no choice or control in which medical provider or specialist he sees for his serious medical conditions or for his treatment and care. Should the medical provider not provide or delay medical services, then [Wood] will not recieve any needed medical services due to his incarceration.

DEFENDANTS

5) Dr. Brown, DDS, [Brown] hereafter, is a treating Dental Physician at Deerfield Correctional Center who is licensed to practice Dental Medicine in the State of Virginia. She is responsible for providing dental medicine, care and services in a manner that comports with federal and state laws as well as VADOC policies and procedures. [Brown] treated [Wood] on several occasions and had direct access to [Wood]'s medical records. [Brown] is sued in her individual capacity for her actions that amount to deliberate indifference to [Wood]'s serious dental problems for not providing proper, timely or adequate dental care or services which caused [Wood] to suffer needlessly.

6) L. Shaw, [Shaw] hereafter, is the Americans with Disabilities Act [ADA] coordinator for Deerfield VADOC. The facility [ADA] coordinator is trained by the VADOC in mandate legal requirements reguarding disability accomodations.

*3,*

If the medical department is refusing a reasonable [ADA] accomodation as per the [ADA] guidelines 42 U.S.C. § 12101 et seq Americans with Disabilities Act, then she is to notify executive management to rectify the medical department's action to allow the [ADA] resonable accomodation. If she does not notify executive management of the [ADA] decrepancy, then [Wood] will not recieve the [ADA] reasonable accomodation in a proper and timely or adequate manner, if at all.

## ADMINISTRATIVE EXHAUSTION

7) [Wood] has complied with all rules of the Court and with the Prisoner Litigation Act and has properly exhausted all administrative remidies through the VADOC grievance system, Operating Procedure 866.1. [Wood] having face to face meetings with Deerfield Correctional Center Officials and the Administration as well as using the request forms and appearing to all medical appointments.

## RIGHT TO AMEND

8) [Wood] reserves the right to amend this complaint at any time should the circumstances warrent such action. [Wood] also reserves the right to amend this complaint in the event he secures counsel to act on his behalf and it is deemed to amend this complaint for cause. In the event that amendments are required, [Wood] will request the proper permission and leave from this Court as required by law.

## UNDER THE COLOR OF LAW

9) The defendants in this suit act under the color of law for the positions they hold as state employees and try to state they are elidgable for immunity as State employees. However these Defendants disreguard State and Federal law along with [illegible]

4.

along with VADOC policies which unshields them from any immunities they could
have otherwise been protected by. These Defendants are not elidgable for immunity
under the color of law. As for medical Defendants, they are contractors to the
State and are not elidgable for immunity provided to State employees. However
their actions can and will be shown to violate VADOC policies as well as Federal
and State law which would unshield the Defendants should the Court question their
elidgability for immunity under the color of law as contractors to the State.

## COMPLAINT

10) As seen throughout [Wood]'s extensive dental records; Dr. Brown DDS
did not provide [Wood] with proper, timely, or adequate medical care for his
dental conditions. It can be seen that [Wood] was seen over and over for his
dental issues which which no dental cleaning was given in a timely manner after
requested, prosthetic dentures were refused after another saw the need for them
pulled a perfectly salvagable tooth due to the fact she refused to put a crown
on the tooth. By denying [Wood] a cleaning of his teeth this has aided in [Wood]'s
tooth decay and rot, by not ordering [Wood] to get his prosthodontics completed
causing [Wood] to have horrible pain as he chewed hard food, and by not treating
a tooth that needed a crown properly and adequately [Wood] was forced to surgically
remove the perfectly salvagable tooth due to the mind nimbing pain it was
creating. Had this medical practitioner provided [Wood] with proper, timely,
or adequate medical care for [Wood]'s dental care that the VADOC policies [Wood]
is to be provided, he would not have been forced to be in pain because of dental
tooth decay and rot, pain when eating hard foods, pain due to being forced to
having his salvagable tooth surgically removed because [Brown] refused to
repair this tooth. This medical practitioner knew [Wood] was suffering but did

5.

nothing to provide the care he needed and caused him to suffer when there was medical treatments and prosthesises available that would have given him relief for [Wood]'s dental issues and conditions.

11) All of [Wood]'s medical records show that he had been ordered a dental cleaning, prosthetics for [Wood]'s mouth and he was denied both in a properly timely and adequate manner. Futhermore, [Wood] requested the painful tooth to be crowned instead of pulled when [Wood] first refused to get it pulled. [Brown] stated... "they do not crown teeth..." even though this was a perfectly salvagable tooth.

12) As seen throughout the request for reasonable accomodation and the medical/dental of [Wood]'s records that was provided with the request, that [wood[ had enough evidence to support a reasonable accomadation consistant with, and required by The Americans With Disabilities Act Of 1990, as amended 42 U.S.C § 12101 et seq. When [Shaw] saw that medical was still not allowing the reasonable accomodation of dental prosthetics in a proper, timely, and adequate manner that is consistant with the Americans With Disabilities Act of 1990, as amended, [Shaw] did not notify executive management to ensure that medical rectified the reasonable accomodation request of the dental prosthetics. By not notifying executive management that [Wood]'s reasonable accomodation request was not addressed in a proper, timely, or adequate manner consistant with the Americans with Disabilities Act of 1990, [Wood] has consistantly been in horrible pain while eating hard foods. [Shaw] knew that [Wood] was suffering but did nothing to provide her responsibilities as the ADA coordinator even though these prosthetics would have given [Wood] some measure of relief for [Wood]'s pain and suffering.

6,

STATEMENT OF FACTS

13) [Wood] is an inmate housed at the Deerfield Correctional Center (DFCC) facility and all events transpired at this facility while [Wood] was under the custody and care of the named Defendants. [Wood] has no choice in which medical practitioner he sees for his medical/dental care and treatment. If [Wood] does not recieve proper, timely, or adequate treatment he cannot just go somewhere else for it.


14) On 12/2/22 [Wood] saw Dr Thompson,DDS, and she ordered prosthodontics for [Wood] and a checkup which included a teeth cleaning. The dental charts show Dr. Thompson or any other dentist what prosthodontics were required marked with X's.


15) On 12/18/23 [Wood] filed a complaint, DCC-23-wri-00370 as [Wood] had requested a dental checkup and the two prosthodontics to be completed. Dental has refused me the medical/dental procedures. Dental Assistant M. Sampson stated... " you are in the appointment log for both of these concerns, we have been short a fulltime dentist off and on the past year...this shows here our appointment times..." [Wood] filed a grievance which despite had the grievance coordinator investigated it would have revealed proof [Wood] had not recieved proper, timely, or adequate medical/dental treatment from dental. [Wood] appealed this decision and it again was not investigated by the regional ombudsman so the decision was upheld.


16) [Wood] submitted a reasonable accomodation request with three pieces of evidence to the ADA coordinator representative, Ms. Powell, on 1/15/24.

She checked that the request is granted with the following modifications and stated based upon the staff dental department you have been placed on the wait list to recieve partials.

17) On 1/24/24 [Wood] filed a complaint with evidence, DCC-24-WRI-00249 for being refused dental prosthetics in a timely manner. [Shaw] failed to investigate the evidence that clearly had Dr Thompson order a dental prosthodontic on 12/2/22. [Wood] filed a grievance, DCC-24REG-00060 which despite an investigation even though [Wood] has an order for prosthodontics as evidence [Brown] states I am no longer a candidate for the prosthesis and the grievance was unfounded. [Wood] filed an appeal to the VDOC health services director and despite the evidence that he submitted this was upheld by _UNLEDGABLE_ even though the evidence [Wood] submitted in the complaint was ordered prosthodontics.

18) [Wood] asked [Brown] what was the first initial of her first name and she refused to provide that information when I saw her on 2/7/24.

19) On 2/7/24 Dr Brown was looking at a tooth that the filling had popped off the top of my #3 tooth and Dr Brown stated they were going to have to pull it.

20) On 2/9/24 [Wood] submitted a request to [Brown] asking if my tooth was salvagable to be able to do a root canal? She replied, "per DOC policy we do not provide crowns, therefore your tooth is not salvagable with root canal therapy.

8.

21) On 2/16/24 [Wood] filed a complaint, DCC-24-WRI-00438 stating that [Brown[ refused to provide her first initial of her first name to me for legal purposes when I requested. [Brown[ responded that during our appointment I am addressed as Dr Brown. [Wood] filed a grievance due to [Brown] failing to properly identify herself as required by law for health practitioners. This grievance was not accepted due to the intake person stating that it did not personally affect me. [Wood] appealed and the regional ombudsman upheld the grievance coordinator decision.

22) On 2/16/24 [Wood] filed a complaint, DCC-24-WRI-00439 for being refused proper, timely, or adequate medical/dental care as [Brown] refuses to put a crown on #3 tooth. [Brown] responds that per 720.6 crowns are not provided as a treatment option. [Wood] filed grievance DCC-24-REG-00079 which despite an investigation into 720.6V.K.1 which would have revealed that [Brown] incorrctly stated in her response that crowns are not provided as therapy. [Wood] was dissatisfied with the response and appealed this decision with the VADOC health services DIRECTOR in which *UNLEADGABLE* denied the appeal stating policy 720.6 does not allow for my request for crown treatment.

CIVIL RIGHTS VIOLATED

EIGHTH AMENDMENT VIOLATIONS

23) [Wood] alleges that [Brown] DDS at DFCC violated [Wood]'s Eighth Amendment Right through her deliberate indifference to his serious medical/dental needs and need for dental cleaning of his teeth, prosthetic for his teeth, and not providing a crown for a perfectly salvagable tooth. All this

9.

is not providing proper, timely, or adequate medical/dental services that caused [Wood] physical, mental, and emotional injury, harm and cruel and unusual punishment through intentional and wanton infliction of pain and suffering prohibited by the Eighth Amendment. Once [Wood] proves [Brown] violated his Eighth Amendment right to a jury, [Brown] will be found liable for an Eighth Amendment violation and liable for damages that her actions caused for [Wood].

24) [Wood] alleges that [Shaw] ADA cordinator violated his Eighth Amend-ment right through her deliberate indifference to his serious medical/dental needs and the need for dental prosthetics for [Wood]'s teeth, by not notifying executive management that medical was not allowing the reasonable accomodation request of the dental prosthetics in a proper, timely, and adequate manner consistant with the Americans with Disabilities Act of 1990 as amended 42 U.S.C. § 12101 et seq. This has caused [Wood] physical, mental, and emotional injury and harm, and cruel and unusual punishment through the intentional and wanton infliction of pain and suffering prohibited by the Eighth Amendment. Once [Wood] proves that [Shaw] violated [Wood]'s Eighth Amendment rights to a jury, [Shaw] will be held liable for an Eighth Amendment violation and liable for damages that her actions caused to [Wood].

## COUNTS OF THIS COMPLAINT

COUNT 1

MEDICAL DEFENDANTS, DOCTORS

25) Dr Brown is deliberately indifferent to [Wood]'s serious medical/dental needs and necessary medical teeth cleaning, dental prosthetics, a crown

*10.*

for my tooth so [Wood] would not be forced to have it surgically removed which caused [Wood] physical, mental, and emotional suffering in violation of [Wood]'s Eighth Amendment Rights by not providing proper, timely, or adequate medical/ dental care or services that comport with Federal and State laws as well as VADOC policies in a manner appropriate with a licensed medical practitioner who provided direct medical/dental services to [Wood].

The Defendant in this count show their actions of Deliberate Indifference by:

    a. Failure to provide timely medical care

    b.Failure to provide a dental cleaning

    c. Not providing dental prosthetics as per Federal and State laws

    d. Not providing medical/dental care and services as per Federal and State laws

    e. Failure to provide a medical device in a timely manner

    f. Failure to provide proper medical testing in a timely manner

## COUNT 2

## ADMINISTRATIVE DEFENDANTS

26) ADA Coordinator L. Shaw is Deliberately Indifferent to [Wood]'s medical/ dental needs and necessary medical/dental prosthetics, as this reasonable accommodation had vital evidence that [Shaw] chose to ignore that [Wood] did not recieve  the dental prosthetics in a proper, timely, or adequate manner. This caused [Wood] caused [Wood] physical, mental and emotional suffering in violation of [Wood]'s Eighth Amendment Rights by not notifying executive management whicch would have made medical/dental staff comply and complete the [ADA[ Reasonable Accomodation request that comports with Federal and State laws as well as

17.

VADOC policies. The Defendants actions that show their Deliberate Indifference
are:

     a. As [ADA] Coordinator, trained by the VADOC [ADA] Coordinator is
     mandated legal requirements reguarding disability requirements and
     the Americans with Disabilities Act of 1990, as amended, but in this
     case she was notified with [Wood]'s medical evidence and chose to ignore
     the risk to [Wood]'s health and the pain and further suffering [Wood]
     has to endure.

     b. By not providing corrective measures to [Wood]'s medical care by
     not notifying executive management that medical staff were not giving
     [Wood] proper, timely, or adequate medical/dental care.

JOINDER

27) All of the Defendants named herein are properly joined in this suit
andall of their action that [Wood] alleges violated his rights stem from their
actions of not providing or delaying medical care and services for [Wood]'s
serious medical/dental condition as well as not providing corrections to his
care for his dental condition once notified that he was not recieving proper,
timely, or adequate care. All Defendants are joined in this suit collectively
and severally as further defined in the counts of this complaint.

RELIEF

28) [Wood] request this Honorable Court to grant him relief in the
amount of $ 1,000,000(one million) for the needless physical suffering the Defendants

12.

forced him to needlessly endure.

29) [Wood] requests this Honorable Court to grant him relief in the amount of $ 1,000,000(one million) for the needless mental and emotional suffering the Defendants forced him to needlessly endure.

30) [Wood] requests this Honorable Court to grant him injunctive relief by ordering the VADOC to provide [Wood] with proper, timely, and adequate medical/dental services for an outside specialist who is licensed and in good standing to provide [Wood] with a dental cleaning and an orhtodontist specialist who is licensed and in good standing to provide [Wood] with implant prosthetics for his mouth with all cost and fees to be paid for by the VADOC and forth by said specialists.

31) [Wood] request a Court order to direct the Attorney General's Office to initiate an investigation into the allegations for possible criminal action and possible prosecution.

32) [Wood] requests any other relief that this Honorable Court may deem appropriate under the law.

CONCLUSION

I am not asking for anything that I am not entitled to as an inmate under the custody and supervision of the VADOC. I was only asking for proper medical/ dental care for my teeth and gums which I have been denied and know that this Defendant must be held accountable for her actions that caused me needless pain and suffering. Their sole purpose and respnsibility was to protect me and to provide the care I required but they chose to ignore their duties and responsibilities and I want justice and the proper, timely and adequate medical/

13.

dental care that I should have been provided from the start. I am asking for the Courts help in these matters as the VADOC will not provide the help or care that they are custodially mandated to provide.

I ask for this.

Respectfully,

*James R. Wood*

James R. Wood, #1805477

Date: 5/18/24

14.

## CERTIFICATE OF SERVICE

I James R. Wood certify and affirm that there is one copy of this suit sent to this Court Clerk to be filed and is accompanied by a Motion of Leave to file this suit Informa Pauperis and affidavid. This was sent on 5 / 18 / 2024 through the U.S. Mail Service and the Plaintiff request that service of this suit be handled by the U.S. Marshal's Office.

Respectfully,

James R. Wood

James R. Wood

1805477

5 / 18 / 2024