IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| James R. Wood,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    No. 1:24cv1036 (RDA/WEF) |
| | ) |
| J. Brown, DDS, *et al.*,<br>    Defendants. | )<br>)<br>) |

MEMORANDUM OPINION

James R. Wood ("Wood" or "Plaintiff"), a Virginia inmate proceeding *pro se*, has filed a civil action, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights have been violated by Defendants J. Brown, DDS and L. Shaw, Americans with Disabilities Act ("ADA") Coordinator, while he was detained in the Virginia Department of Corrections' ("VDOC") Deerfield Correctional Center ("DCC"), Capron, Virginia. Dkt. No. 1. Wood alleges that the Defendants violated his Eighth Amendment rights and his rights under the ADA based on alleged failure to provide adequate and timely dental care, including dental prosthodontics.[1] Defendant Shaw waived service and filed a motion to dismiss, with a memorandum in support, on May 7, 2025. Dkt. No. 16. Plaintiff was advised of his right to respond in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Dkt. No. 19. Plaintiff responded to Defendant Shaw's motion to dismiss, Dkt. No. 23, and also filed motions for discovery and a continuance, and appointment of counsel. Accordingly, these matters are ripe for disposition and Defendant Shaw's motion to dismiss must be granted and Plaintiff's motions

---

[1] "Prosthodontics is a branch of dentistry dedicated to making replacements for missing or damaged teeth. Common prosthodontic treatments include dentures, dental implants, crowns and bridges." *Cleveland Clinic, Prosthodontics*, https://my.clevelandclinic.org/health/treatments/23904-prosthodontics (last viewed Dec. 18, 2025). Wood also uses the term "partials" to refer to prosthodontics.

will be denied.[2]

## I. Plaintiff's Motions

Plaintiff's motions for discovery and continuance are connected. Plaintiff seeks a continuance in order to conduct discovery and alleges that Defendant Shaw did not respond to his "good faith efforts" to conduct informal discovery. Dkt. Nos. 24 and 25. The discovery motion seeks the initial disclosures under Federal Rule of Civil Procedure, Rule 26(a)(1).[3] Dkt. No. 24-1. Defendant Shaw opposes discovery because the exchange of such disclosures is exempt in *pro se* inmate cases under Rule 26(a)(1)(B). *Ray v. Equifax Info. Servs.*, LLC, 327 F. App'x 819, 823-24 (11th Cir. 2009) (holding that "defendants in civil actions brought by *pro se* prisoners are not subject to the initial disclosure requirements.") (citing Fed. R. Civ. P. 26(a)(1)(B)(iv)); *Goddard v. United States Dist. Court (In re Arizona)*, 528 F.3d 652, 657 (9th Cir. 2008) ("Federal Rule of Civil Procedure 26 specifically exempts *pro se* prisoner lawsuits from the initial disclosure requirements, Fed. R. Civ. P. 26(a)(1) (B)(iv), and from initial conference requirements, Fed. R. Civ. P. 26(f)."); *see Nesbitt v. Riley*, No. CA 0:14-2788-RMG-PJG, 2015 WL 1517505, at *3 (D.S.C. Apr. 1, 2015) ("*[D]ocument production* as to party defendants is properly conducted pursuant to Rule 34 of the Federal Rules of Civil Procedure.") (emphasis added), *subsequently aff'd*, 619 F. App'x 259 (4th Cir. 2015) *see also Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (where a complaint is deficient because it fails to state a Section 1983 claim of relief against a government official, a plaintiff "is not entitled to discovery."). Wood is not entitled to discovery at this stage of his litigation against Defendant Shaw. Consequently, since he sought a continuance to conduct

---

[2] On June 12, 2025, Defendant Brown filed a motion for summary judgment, Dkt. No. 27. Wood responded by filing several motions related to the motion for summary judgment and also a motion for "emergency" injunctive relief, each of which will be addressed in a separate order.

[3] Defendant Shaw replied and stated that her counsel has not be served with a request for discovery by Wood. Dkt. No. 32 at 2, n.1. Because Wood is not entitled to discovery at this stage of the litigation, the Court need not request mail logs to resolve this matter.

discovery to which he is not entitled, both his motion for discovery and for a continuance will be denied.

Plaintiff's motion to appoint counsel argues that an attorney should be appointed because: Defendant Shaw is represented by counsel; an attorney would be able to negotiate a settlement on a meritorious claim, locate and identify other defendants, cross-examine witnesses, and shorten a trial; an attorney would be better able to investigate facts and conduct discovery; Plainitff lacks access to restricted operating procedures and lacks experience in discovery; Plaintiff is dependent upon "jail hose lawyers" for assistance; Plaintiff has a neurological disorder; and his case is complex. Plaintiff's arguments are not unique and fail to establish an entitlement to counsel, as "[a] *pro se* prisoner does not have a general right to counsel in a § 1983 action." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Further, this Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and, to qualify, an indigent claimant must present "exceptional circumstances." *Id.* Exceptional circumstances exist where a "*pro se* litigant has a colorable claim but lacks the capacity to present it." *Whisenant*, 739 F.2d at 163.

Here, Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. *Jenkins v. Woodard,* 109 F.4th 242, 247 (4th Cir. 2024). First, as established below, Plaintiff has failed to present a colorable federal claim. Second, considering the objective complexity of this case and his subjective abilities, Plaintiff has not sufficiently demonstrated that he lacks the capacity to present his claims. Plaintiff has attached 48 pages worth of documents in support of his Complaint and has demonstrated a basic understanding of discovery, even though it is premature with respect to Defendant Shaw. Plaintiff has also filed a seven-page response, citing relevant case law, which he supplemented with attachments. Further, Plaintiff has litigated several

3

cases in this Court, and at present has seven other cases pending. In short, Plainitff lacks neither the experience in civil litigation nor the capacity to present his case, *id.,* and his motion, Dkt. No. 26, is denied.

## II. Statement of Facts

In his Complaint, Plaintiff alleges that Defendant Shaw, the ADA Coordinator at DCC, did not seek a reasonable accommodation[4] for Plaintiff in violation of the ADA, 42 U.S.C. § 12101 *et seq.,* when Plaintiff was refused prosthodontics; and that failure also constituted deliberate indifference in violation of Plaintiff's Eighth Amendment rights. Dkt. No. 1 at 12.[5]

1. VDOC inmate Wood was detained at DCC at all relevant times. Dkt. No. 1 at 8-9.

2. On December 2, 2022, Dr. Thompson "order[ed] dental [prosthodontics] for Wood. Dkt. No. 2 at 14.

3. On December 18, 2023, Wood filed a written complaint, DCC-23-WRI-00370, complaining that "dental" had failed to perform a "checkup" and a prior order for "two partials to be completed." *Id.* at 4. A non-defendant, M. Sampson, responded on January 3, 2024, and told Wood that he was on the dental appointment list, and that the facility had been short a full-time dentist "off and on over the past year." *Id.*

4. On January 6, 2024, Wood again filed a regular grievance complaining that "dental" had failed to perform a "checkup" and a prior order for "two partials to be completed." *Id.* at 5. The grievance was denied at intake on January 8, 2024, because it was a request for

---

[4] It is apparent that the reasonable accommodation Wood seeks is to be provided with the prosthodontics, Dkt. No. 2 at 10 and 24, which is in essence a medical matter.

[5] The statement of facts is based upon Wood's Complaint and exhibits. To the extent the documents relied upon by Wood are inconsistent with his Complaint, "on a motion to dismiss, 'in the event of a conflict between the bare allegations in the complaint and any exhibit attached, the exhibit prevails.'" *Wells v. Fuentes,* 126 F.4th 882, 893 n. 10 (4th Cir. 2025) (quoting *Goines v. Valley Cmty. Servs. Bd.,* 822 F.3d 159, 166 (4th Cir. 2016) (cleaned up)).

services and Wood was on the dental appointment list. The denial was upheld by the Regional Ombudsman on January 16, 2024. *Id.*

5.      On January 15, 2024, Wood filed a "Reasonable Accommodation Request," that stated "dental is" refusing to provide him with "the ordered" prosthodontics and argued that the refusal violated the ADA. *Id.* at 10. Ms. Powell responded on January 18, 2024, and informed Wood that he had been placed on the Dental Department's "wait list [sic] to receive partials." *Id.*

6.      On January 24, 2024, Wood filed a written complaint, DCC-24-WRI-00249, alleging his rights under the ADA had been violated because his prosthodontics had been "ordered on . . . 12/2/22," he had been waiting for them for over a year, and Ms. Powell, the ADA Coordinator, had failed to provide him with this reasonable accommodation. *Id.* at 14.

7.      On February 8, 2024, Defendant Shaw responded to the complaint. Shaw had contacted the Dental Department, determined that Wood had been seen by the Dental Department on February 7, 2024, and that Wood had been "update[d] about [his] partials." *Id.*

8.      On February 8, 2024, Wood filed a regular grievance, DCC-24-REG-00060, complaining that Powell's failure to obtain his prosthodontics was an ADA violation. *Id.* at 24.

9.      The Level I response to the grievance was issued on March 8, 2024, and determined that the grievance was "UNFOUNDED." *Id.* at 27.

> An investigation into your complaint indicates that on December 8, 2021, Dr. L. Ochana recommended a partial for you based on your treatment plan; however, the current dental provider, Dr. J. Brown has advised you per DOC Policy 720.6, that you are not a candidate for dental prosthesis, as was explained to you concerning your dental treatment plan on February 7, 2024. Your Reasonable Accommodation Request dated January 15, 2024[,] was responded to by Ms. M. Powell, Americans with Disability Assistant Coordinator for Dearfield stating that based upon the staff in dental department you have [sic] been placed on the wait list [sic] to receive partials was based on the previous dental provider, Dr. Ochana, which was against the Department of Corrections Operating Policy 720.6, Section J, Prosthodontic Treatment #1. Dr. Brown has determined that there is a sufficient number of teeth

5

> remaining for mastication[,] which is defined as fewer than six points of occlusal contact. Inmate Wood, the dental department nor Ms. Powell has failed you.

*Id.* Wood appealed.

10. The Level II response was issued on April 2, 2024, determined that

> [b]ased on the information provided and upon further investigation, the Level I response of UNFOUNDED will be UPHELD. A review of this case revealed that you have submitted requests, have been appointed and have been treated accordingly (in accordance with policy). The provider reports an assessment was performed as recently as MAR 2024 and your request to replace your 4 missing teeth with a prosthesis (partial denture) was reviewed by our VADOC leadership. In accordance with our policy, you are not a candidate for a partial denture. Additionally, the provider reports that the options within the limits of condition and treatment resources have been presented to you.

*Id.* at 29.

11. Defendant Shaw was made aware that "medical was [] not allowing the reasonable accommodation of dental prosthetics" and did not correct this. *Id.* at 12.

12. Defendant Shaw did not notify "executive management" about Dr. Brown's decision to deny the Plaintiff prosthetic dentures and/or prosthodontics. *Id.* at 16.

### III. Standard of Review

Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In this context of a Rule 12(b)(6) motion, "the reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). While all well-pleaded material facts are accepted as true and all inferences are drawn in the plaintiff's favor, *id.*, that presumption of truth is not applied "to 'conclusory statements' and 'legal conclusions'" in a complaint. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). Further, a court may also consider "documents that are explicitly incorporated into the complaint by reference," documents "attached to the complaint as exhibits," and documents attached to a motion to dismiss as long as they are "integral to the complaint" and "authentic." *Goines*, 822 F.3d at 166 (internal quotation marks omitted). "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." *Id.* (quoting *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) (citations omitted). The Court may also take judicial notice of "matters of public record." *Goldfarb*, 791 F.3d at 508-09.

7

Where a complaint is filed by a prisoner acting *pro se*, however, that complaint must be construed liberally regardless of how unskillfully it is pleaded. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant is therefore not held to the strict pleading requirements demanded of attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976); *see also Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023) ("This Court reads *pro se* pleadings to raise the strongest arguments that they suggest, and we consider whether a *pro se* civil rights plaintiff is entitled to relief under any legal theory that his factual allegations might plausibly convey.").

**IV. Analysis**

Defendant Shaw's motion to dismiss argues that Wood has failed to state a claim under the ADA, because the ADA cannot be used to assert a claim of inadequate medical care; and that Wood's Eighth Amendment deliberate indifference claim should be dismissed because Shaw is a non-medical defendant and therefore entitled to rely on the medical decisions of providers. Wood argues that Defendant Shaw had a duty to ensure he was provided with the "mitigating measure for his disability . . . ordered by Dr. Thompson, DDS, which were the prosthodontics" and that a prosthodontic qualifies as a prosthetic under the ADA. Wood further argues that Defendant Shaw cannot rely on her check with the Dental Department because Dr. Thompson had already diagnosed Wood and ordered the prosthodontics. Dkt. No. 23 at 3.[6] Wood's arguments have no merit.

*A. Deliberate Indifference*

"A prison official's deliberate indifference to an inmate's serious medical needs" violates the Eighth Amendment. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). A deliberate

---

[6] Although not relevant for the purposes of resolving the present motion to dismiss, the December 2, 2022, Treatment Notes by Dr. Thompson do not expressly order prosthodontics. Dkt. 2 at 1. There is a notation "adv pt to req up," which appears to indicate a request had to be made for the prosthodontics. For purposes of this motion, however, the light most favorable to Wood is that the prosthodontics were ordered on December 2, 2022.

8

indifference claim has an objective and a subjective component. First, the objective component, requires that the plaintiff's "medical condition . . . be serious—one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* Second, the subjective component, requires showing that the defendant "had actual subjective knowledge of both the [plaintiff's] serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* In addition, prison officials are entitled to rely on the opinions, judgment, and expertise of medical personnel. *See Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (finding non-medical prison personnel may "upon their health care providers' expertise").[7]

Here, Shaw investigated Wood's January 24, 2024, complaint that Powell had failed her duty to ensure he was provided with the prosthodontics. Dkt. No. 2 at 14. Shaw contacted the Dental Department and responded to Wood on February 8, 2024. Shaw informed Wood that Powell's response to him on January 18, 2024, had provided Wood "with the information [Powell had] received from the Dental Department." *Id.* Defendant Shaw added that the Dental Department had informed her that after Wood filed his complaint that he had been seen by the Dental Department "on 2/7/24," and that they had "updated" him about his "partials." *Id.* Defendant Shaw was not a provider and the extent of her involvement based upon the complaint and accompanying documents was to respond to a complaint about Powell. Consequently, Wood has failed to state a claim of deliberate indifference with respect to Defendant Shaw. Further, Defendant Shaw's "[r]uling against [Wood] on an administrative complaint does not cause or contribute to the

---

[7] *See Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) ("Non-medical defendants . . . can rely on the expertise of medical personnel. We have previously stated that if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *Iko v. Shreve*, 535 F.3d 225, 242 (4th Cir. 2008) ("'If a prisoner is under the care of medical experts . . . a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'") (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)); *Shelton v. Angelone*, 148 F. Supp. 2d 670, 678 (W.D. Va. 2001) ("Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment.").

violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (simply "[r]uling against a prisoner does not cause or contribute to the [constitutional] violation"); *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) ("The 'denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.'") (citation omitted). Accordingly, the Motion will be granted in this regard.

### B. ADA

Wood's ADA claim is nothing more than an attempt to convert his Eighth Amendment deliberate indifference claim into an ADA claim. In the end, however, his claim is that Defendant Shaw violated the ADA because she failed to force the Dental Department to provide dental treatment (prosthodontics) that were not authorized under the VDOC's Operating Procedure 720.6. ("OP 720.6"). In short, Wood is seeking medical treatment where the provider, Dr. Brown, has determined it is not required under OP 720.6 because Wood has a sufficient number of teeth "for mastication," Dkt. No. 2 at 27—which is clearly a medical decision.[8]

A defendant does not violate the ADA by denying dental treatment (prosthodontics) to an inmate.[9] *See Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (an ADA claim "cannot be

---

[8] VDOC OP 720.6 sets forth several requirements related to prosthodontics. Prosthodontic treatment (removable and/or transitional dentures) requires that "the diagnosing Dentist determines that there is an insufficient number of teeth remaining for mastication; defined as fewer than six points of occlusal contact." VDOC OP 720.6 (V)(J)(1) Availability of Dental Services and Levels of Care, Prosthodontic Treatment. There is nothing in the record that indicates Wood is not capable of mastication without the prosthodontics.

[9] A Maryland federal district court noted that although the Fourth Circuit had

not addressed this issue in a published opinion, unpublished cases from this circuit and published and unpublished cases from other circuits indicate that a prisoner may not state a claim under the ADA for a lack of medical treatment. *See, e.g., Goodman v. Johnson*, 524 F. App'x 887, 890 (4th Cir. 2013) (affirming dismissal of ADA claim that alleged prison's refusal to provide inmate contact lenses, instead of glasses, to correct his impaired vision, as inmate failed to indicate that, due to his disability, he had been deprived of benefits for which he was otherwise qualified); *Miller v. Hinton*, 288 F. App'x 901, 902-03 (4th Cir. 2008) (prison's alleged denial of access to colostomy bags and catheters by inmate, who was a paraplegic confined to a wheelchair and used such supplies for urinary bladder control, did not constitute disability discrimination in violation of ADA absent a showing that inmate was treated in that manner because of his disability); *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (medical care provided to inmate for his diabetes could not be basis for action); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's claims

based on medical treatment decisions"); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (the [Rehabilitation Act], like ADA, was never intended to apply to decisions involving medical treatment); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) ("[P]urely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."); *Baxley v. Jividen*, 508 F. Supp. 3d 28, 62 (S.D. W. Va. 2020) ("the ADA cannot be used to assert a claim of inadequate medical care[.]") (citation omitted); *see also Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate [medical] treatment for disability.") (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice.")), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). Defendant Shaw's motion to dismiss will be granted as to the ADA claim as well.

### V. Conclusion

For the reasons outlined above, Defendant Shaw's motion to dismiss, Dkt. No. 16 will be granted; and Wood's motions for discovery and a continuance, and appointment of counsel, Dkt. Nos. 24-26, will be denied. An appropriate Order will issue.

Entered this 3rd day of February, 2026

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

under ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions); *Spencer v. Easter*, 109 F. App'x 571, 573 (4th Cir. 2004) (failure to provide timely refills of prescription drugs did not amount to an ADA violation where there was no showing that it was done based on prisoner's disability); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; Bryant was not treated worse because he was disabled.").

*Resper v. Corizon*, No. 1:22cv378-SAG, 2022 WL 3544258, at *2 (D. Md. Aug. 16, 2022), *aff'd sub nom. Resper v. Yescare Corp.*, No. 22-7021, 2023 WL 3055223 (4th Cir. Apr. 24, 2023).