IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| James R. Wood, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24cv1036 (RDA/WEF) |
| | ) | |
| J. Brown, DDS, *et al.*, | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

This matter is before the Court on several motions filed by Plainitff James R. Wood ("Wood" or "Plaintiff") in response to Defendant Brown's motion for summary judgment: Discovery; Continuance; Appointment of Counsel; to Supplement Evidence; and Emergency Injunction Relief. Dkt. Nos. 37-39, 41, 42.[1] Other currently pending matters include Defendant Shaw's May 7, 2025, motion to dismiss, with a memorandum in support, Dkt. No. 16-17, and Defendant Brown's June 12, 2025, motion for summary judgment, with a memorandum in support and exhibits. Dkt. Nos. 27-28. Wood has responded to each dispositive motion, Dkt. Nos. 19 and 31, and he has filed a brief in opposition to each motion. Dkt. Nos. 23, 40.

Wood's § 1983 complaint alleges that, while he was detained in the Virginia Department of Corrections' ("VDOC"), Deerfield Correctional Center ("DCC") in Capron, Virginia, Defendants Brown, DDS, and Shaw, the Americans with Disabilities Act ("ADA") Coordinator, violated his Eighth Amendment rights as well as his rights under the ADA. He bases his claims on an alleged denial of adequate and timely dental care, including dental prosthodontics, which he characterizes as a reasonable accommodation.[2] Plaintiff also alleges that Defendant Brown failed to salvage a tooth via a root canal and crown. Dkt. No. 1 at 16-18.

---

[1] Wood also filed similar motions for discovery and a continuance, and appointment of counsel in response to Defendant Shaw's motion to dismiss, Dkt. Nos. 24-26. Those motions are addressed in a separate Memorandum Opinion.

[2] "Prosthodontics is a branch of dentistry dedicated to making replacements for missing or damaged teeth. Common prosthodontic treatments include dentures, dental implants, crowns and bridges." *Cleveland Clinic,*

## I. Plaintiff's Motion for Discovery and a Continuance

On July 29, 2025, Wood filed a motion for discovery and a brief in opposition to Defendant Brown's motion for summary judgment ("MSJ"). Defendant Brown's MSJ included his affidavit regarding the allegations of deliberate indifference, attested to copies of Wood's relevant medical, and a copy of VDOC OP 720.6 (which Wood cites in his complaint). Defendants Brown and Shaw each filed responses stating that Wood is not entitled to the relief sought. Dkt. Nos. 47, 49.

A "party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). "If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56[(d)] affidavit stating, 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" *Harrods*, 302 F.3d at 244 (discussing the affidavit requirement of former Rule 56(f)). Further, a "'Rule 56(d) affidavit[] cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011). "The purpose of a Rule 56[(d)] affidavit is to 'ensure that the nonmoving party is invoking the protections of Rule 56[d] in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition.'" *Harrods*, 302 F.3d at 244 (quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)); *Waterloo Furniture Components v. Haworth*, 467 F.3d 641, 648 (7th Cir. 2006) (holding that Rule 56(d) "requires a party to state the reasons why it cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit"). Additionally, Wood, as the non-moving party bears the burden of showing how discovery "could possibly 'create a genuine issue of material fact sufficient for [him] to survive summary judgment,' or otherwise affect the court's analysis." *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015)

---

*Prosthodontics*, https://my.clevelandclinic.org/health/treatments/23904-prosthodontics (last viewed Dec. 18, 2025). Wood also uses the term "partials" to refer to prosthodontics.

(cleaned up). The Fourth Circuit has held that "a court may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." *Goodman v. Diggs*, 986 F.3d 493, 501 (4th Cir. 2021) (internal quotation marks removed) (quoting *Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243, 250 (4th Cir. 2018) (quoting *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014)).

As an initial matter, Wood has filed a brief in opposition to the MSJ without any additional discovery and his brief is based upon the facts in the current record. Wood has arguably requested a continuance for discovery, but his discovery motion is broad, does not acknowledge the materials that accompanied the MSJ, and he provides neither justification for any discovery nor does he specify the facts allegedly needed to oppose the MSJ. Wood's failure to file a Rule 56(d) affidavit renders his motion for discovery and the accompanying request for a continuance deficient. The Fourth Circuit has observed that "'[a] reference to Rule 56[(d)] and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment *is not an adequate substitute for a Rule 56[(d)] affidavit . . . and the failure to file an affidavit under Rule 56[(d)] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.*'" *Evans*, 80 F.3d at 961(emphasis added) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994)). Put simply, Rule 56(d) does not authorize "fishing expedition[s]." *Morrow v. Farrell*, 187 F.Supp.2d 548, 551 (D. Md. 2002), *aff'd*, 50 F. App'x 179 (4th Cir. 2002); *see also Nader v. Blair*, 549 F.3d 953, 961-62 (4th Cir. 2008) (holding discovery prior to summary judgment was not necessary when the discovery sought was on factual issues "not at issue in the motion for summary judgment").[3] Here, Plaintiff has not set forth a sufficient basis for delaying a decision

---

[3] *See also Bliss v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) (holding that a district court did not abuse its discretion in denying motion for pre-summary judgment discovery where the "Rule 56(d) affidavit failed to 'state with specificity' how discovery would yield 'probable facts' that would 'rebut the summary judgment motion."); *Cardinal v. Metrish*, 564 F.3d 794, 797-98 (6th Cir. 2009) ("If the plaintiff makes only general and conclusory statements in his affidavit regarding the needed discovery, lacks any details or specificity, it is not an abuse of discretion for the district court to deny the request."); *cf. Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) ("'[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit.'") (quoting *Hayes v. North State Law Enforcement Officers Ass'n*, 10 F.3d 207, 215 (4th Cir. 1993)).

on the MSJ to permit the broad discovery that he seeks. Accordingly, Wood's motion for discovery and continuance, Dkt. Nos. 37-38, are deficient and will be denied. However, mindful of Wood's *pro se* status, the Court will allow him fourteen days from the date of this order to file a proper Rule 56(d) affidavit setting forth, with specificity, information sought via discovery and an explanation as to why the information sought could possibly create a genuine issue of material fact sufficient to survive summary judgment. If Wood does not file a Rule 56(d) affidavit, the Court will resolve the MSJ based upon the current record.[4]

## II. Appointment of Counsel

In his motion to appoint counsel, Plaintiff argues the Court should appoint him an attorney because: Defendant Brown is represented by counsel; an attorney would be able to negotiate a settlement on a meritorious claim, locate and identify other defendants, cross-examine witnesses, and shorten a trial; an attorney would be better able to investigate facts and conduct discovery; Plaintiff lacks access to restricted operating procedures and lacks experience in discovery; Plaintiff is dependent upon "jail hose lawyers" for assistance; Plaintiff has a neurological disorder; and his case is complex. Plaintiff's arguments are not

---

[4] Wood is further advised that Defendant Brown is not obligated to seek out documents on his behalf. To the extent he may seek dental records, the name of the custodian is Qadira Stewart. Dkt. No. 28-3 at 4. Wood does not need to seek documents via formal motions, but the Court provides the following in the event he needs to pursue a formal motion.

Federal Rule of Civil Procedure 45 governs subpoenas issued to non-parties. "Document discovery, whether through Rule 45 or 34, remains subject to the general discovery provisions of Rule 26." *Effland v. Balt. Police Dep't*, No. 1:20-cv-03503, 2024 U.S. Dist. LEXIS 2435, 2024 WL 69581, at *3 (D. Md. Jan. 5, 2024). Rule 26(b) provides that any information sought during discovery must be relevant and proportional to the needs of the case, and that the court may limit discovery if it concludes that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b). Courts apply the same limitations in determining whether to issue and serve subpoenas requested by an indigent party. See *Jackson v. Brinker*, No. 91-471-C, 1992 U.S. Dist. LEXIS 19619, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (concluding that courts have authority to "screen[] an indigent party's requests for issuance and service of subpoenae duces tecum on non-parties" and that such requests may be denied if a court finds that the subpoena is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process"). Accordingly, in addition to explaining how the requested records are relevant to the case, "the plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that he has made provisions to pay the reasonable costs associated with the discovery he seeks." *Hill v. Exec. Office for United States Attys.*, No. 4:17-cv-00027, 2017 U.S. Dist. LEXIS 187968, 2017 WL 5079148, at *3 (W.D. Va. July 19, 2017) (internal quotation marks omitted).

*Anderson v. Clarke*, No. 7:23-CV-00618, 2024 WL 3706609, at *1 (W.D. Va. Aug. 7, 2024).

unique and do not entitle him to appointment of counsel in this civil case as "[a] *pro se* prisoner does not have a general right to counsel in a § 1983 action." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989).

This Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and, to qualify, an indigent claimant must present "exceptional circumstances." *Id.* Exceptional circumstances exist where a "*pro se* litigant has a colorable claim but lacks the capacity to present it." *Whisenant*, 739 F.2d at 163. Here, Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024). First, Plaintiff has failed to present a colorable federal claim at this point in the litigation. Defendant Brown has denied his allegations and his MSJ is premised mostly on Wood's dental records (which Wood now has) and the text of the applicable regulation (which Wood also now has). Second, considering the objective complexity of this case and his subjective abilities, Plaintiff has not sufficiently demonstrated that he lacks the capacity to present his claims. Plaintiff has attached 48 pages worth of documents in support of his complaint (including some of his dental records) and has demonstrated a basic understanding of discovery.[5] The Court has provided Wood with the necessary steps to set forth his need, if any, for pre-summary judgment discovery, and has also set out how to go about obtaining any relevant documents that he does not already have in his possession. Wood has also filed a seven-page response, citing relevant case law, which he supplemented with attachments. Wood's opposition to the MSJ relies only on the existing record. Further, Plaintiff has litigated and is litigating several cases in this Court, and at present has seven other cases pending. In short, Plaintiff

---

[5] As noted, Defendant Shaw filed a motion to dismiss and that puts Wood's discovery motion with respect to Defendant Shaw in a different context. Federal Rule of Civil Procedure, Rule 26(a)(1)(B) exempts initial disclosures in *pro se* inmate cases. *See Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 823-24 (11th Cir. 2009)("defendants in civil actions brought by *pro se* prisoners are not subject to the initial disclosure requirements.") (citing Fed. R. Civ. P. 26(a)(1)(B)(iv)); *Goddard v. United States Dist. Court (In re Arizona)*, 528 F.3d 652, 657 (9th Cir. 2008) ("Federal Rule of Civil Procedure 26 specifically exempts pro se prisoner lawsuits from the initial disclosure requirements, Fed. R. Civ. P. 26(a)(1) (B)(iv), and from initial conference requirements, Fed. R. Civ. P. 26(f)."). *See also Nesbitt v. Riley*, No. CA 0:14-2788-RMG-PJG, 2015 WL 1517505, at *3 (D.S.C. Apr. 1, 2015) ("*[D]ocument production* as to party defendants is properly conducted pursuant to Rule 34 of the Federal Rules of Civil Procedure.") (emphasis added), *subsequently aff'd*, 619 F. App'x 259 (4th Cir. 2015). *See also Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999) (affirming district court's grant of motion to dismiss after entering protective order staying discovery); *Treadwell v. Murray*, 878 F. Supp. 49, 50 (E.D. Va. 1995) (staying discovery pending resolution of defendants' motion to dismiss).

lacks neither the experience in civil litigation nor the capacity to present his case, *id.,* and his motion, Dkt. No. 39 is denied without prejudice.

### III. Motion to Supplement Evidence

Plaintiff's "Motion to Supplement Evidence" refers to an MRI that was allegedly conducted on or about October 27, 2023, and is allegedly relevant to show that Wood forgets to brush his teeth. Dkt. No. 41. Defendant Brown objects because the MRI is irrelevant to the deliberate indifference claim against Defendant Brown. Wood's motion is granted in part and denied in part. The MRI is irrelevant and thus the record is not supplemented to include it, but his assertion that he is forgetful may have some relevance, and the Court will include that as an unobjected to fact (because it is a fact that is within Wood's personal knowledge) when revolving Defendant Brown's MSJ.

### IV. Emergency Injunction Relief

Wood's motion for "Emergency Injunction Relief," seeks a temporary restraining order/preliminary injunction, Dkt. No. 42 at 2, and asks that this Court to find VDOC OP 720.6 is "illegal" and for the Court to investigate "all inmate[s] that were denied adequate Medical/Dental care due to these [sic] illegal OP 720.6." *Id.* at 1. Wood alleges that all dental problems qualify as disabilities and are therefore covered under the ADA, and that "if [the dental problems] have not gotten . . . fixed" it is because OP 720.6 is "illegal" and impinges on inmates' constitutional rights under *Turner v. Safley*, 482 U.S. 78, 89 (1987). *Id.* at 2. Wood argues that he has met all four of the *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), and is entitled to the relief he seeks for himself and all VDOC inmates.

First, "[f]ederal courts do not investigate, the sole function of a court is to determine the facts and law presented to it in a lawsuit. If Plaintiff wants an investigation into the state prison facility, he should advise his state attorney general's office." *Glenn v. Culpepper*, No. 4:07-CV-534-SPM/AK, 2008 WL 817078, at *1 (N.D. Fla. Mar. 25, 2008); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that federal courts do not investigate state law enforcement actions and that private citizens lack a judicially cognizable interest in the prosecution or non-prosecution of another). Thus, Plaintiff's motion will be denied in this regard.

Second, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Roe v. United States DOD*, 947 F.3d 207, 219 (4th Cir. 2020) (quoting *Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 366 (4th Cir. 2019)). To obtain a preliminary injunction, a movant must establish (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in the movant's favor, and (4) that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *see also E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004) ("mandatory preliminary injunctions do not preserve the *status quo* and normally should be granted only in those circumstances when the exigencies of the situation demand such relief.") (quoting *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)). The third and fourth "factors merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Lastly, "all four requirements must be satisfied." *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010). However, "[t]he failure to show any one of the relevant factors mandates denial of the preliminary injunction." *Parson v. Alcorn*, 157 F. Supp. 3d 479, 491 (E.D. Va. 2016) (citing *Real Truth,* 575 F.3d at 346).

Although Wood alleges he has demonstrated a viable claim, the law is to the contrary—"[t]he ADA prohibits discrimination because of disability, not inadequate [medical] treatment for disability." *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice.")), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).[6] *See Baxley v. Jividen*, 508 F. Supp. 3d 28, 62 (S.D. W. Va. 2020) ("the ADA cannot be used to assert a claim of inadequate

---

[6] *See also Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (an ADA claim "cannot be based on medical treatment decisions"); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA, like ADA, was never intended to apply to decisions involving medical treatment); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) ("[Doctor's refusal to perform surgery is] the sort of purely medical decision[] that we have held do[es] not ordinarily fall within the scope of the ADA or the Rehabilitation Act.").

medical care[.]") (citation omitted). Accordingly, Plaintiff has failed to demonstrate a likelihood of success on the merits in this regard.

A deliberate indifference claim has an objective and a subjective component. First, the objective component, requires that the plaintiff's "medical condition . . . be serious—one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citation omitted). Second, the subjective component, requires showing that the defendant "had actual subjective knowledge of both the [plaintiff's] serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* (citation omitted). In addition, prison officials are entitled to rely on the opinions, judgment, and expertise of medical personnel. *See Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (finding non-medical prison personnel may "upon their health care providers' expertise").

Regarding Wood's deliberate indifference claim, the dental records, which Wood has in his possession and has not disputed, establish that, on January 24, 2024, plaintiff requested a dental consultation for a lost filling and on January 25, 2024, Defendant Brown placed a temporary filling on tooth #3, provided pain medication, and referred him for an extraction. Dkt. No. 28-3 at 2, 4. Defendant Brown next saw Wood on February 7, 2024, placed a filling in tooth #3 and, regarding partial dentures, informed him that per VDOC Operating Procedure 720.6, he did not meet the requirement for partial dentures. Under the policy, he did not have a sufficient number of missing teeth and was capable of mastication. *Id.* a 7. Defendant Brown saw Wood again on February 16, 2024, and Wood requested a root canal and crown on tooth #3. Defendant Brown again reviewed VDOC OP 720.6 with Wood and informed him that posterior root canals are discouraged as they generally require permanent crowns, which are not offered by VDOC. She recommended an extraction, which Wood refused and he signed a refusal for the extraction of tooth #3. *Id.* at 8-9.

On February 28, 2024, Wood requested Defendant Brown extract tooth #3, and he also complained about sensitivity to hot and cold on tooth #18. Dr. Brown then informed Plaintiff that he was "bruxing" (grinding his teeth) and encouraged him to purchase a night guard. She also prescribed pain medication. *Id.*

at 10-11. On March 8, 2024, Wood's #3 tooth was extracted (off-site, by Dr. Guter). *Id.* at 13. Defendant Brown saw Wood for a post-surgery appointment on March 21, 2024, and he was healing normally. Dr. Brown counseled Wood on his poor dental hygiene habits (he only brushed once per day), encouraged him to purchase a mouthguard, brush twice per day, and to use dental floss. *Id.* at 14-15.

The dental records establish that Defendant Brown saw Wood five more times at DCC: April 19, 2024, June 5, 2024, June 12, 2024, July 25, 2024, and September 9, 2024. During those visits she referred Wood for an extraction of tooth #18 and prescribed pain medication; treated tooth #13; Wood refused transportation for the extraction of tooth #18; and Wood had routine cleaning by a dental hygienist who documented his poor oral hygiene. *Id.* at 16-21.

The record does not establish Dr. Brown has been deliberately indifferent. It is evident that Wood disagrees with Dr. Brown's treatment decisions but his disagreement with Dr. Brown does not amount to deliberate indifference. The Fourth Circuit has "consistently found" that "[d]isagreement[] between an inmate and a physician over the inmate's proper medical care' . . . fall short of showing deliberate indifference." *Jackson*, 775 F.3d at 178 (quoting *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); citing *United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011)).[7] Contrary to Wood's conclusory assertion, it is not likely that he will prevail on the merits. "The failure to show any one of the relevant factors mandates denial of the preliminary injunction." *Parson*, 157 F. Supp. 3d at 491 (citing *Real Truth*, 575 F.3d at 346). The motion for a preliminary injunction is denied.

Accordingly, it is

**ORDERED** that Plaintiff's motion Emergency Injunction Relief (preliminary injunction), Dkt. No. 42, is **DENIED**; and it is

**FURTHER ORDERED** that Plaintiff's motions for Discovery, Continuance, and to Supplement Evidence, Dkt. Nos. 37, 38, 41, are **DENIED**; and it is

---

[7] *Clawson* noted that "[o]ther circuits have reached similar conclusions." 650 F.3d at 538 (citing *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation."); *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (same); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (same)).

**FURTHER ORDERED** that Plaintiff's motions for Appointment of Counsel, Dkt. No. 39, is **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that Plaintiff has fourteen (14) days from the date of this order to file a proper Rule 56(d) affidavit setting forth, with specificity, the information sought via discovery and set forth why the information sought could possibly create a genuine issue of material fact sufficient to survive summary judgment. If Plaintiff does not file a Rule 56(d) affidavit within fourteen (14) days, the Court will resolve the MSJ based upon the current record; and it is

**FURTHER ORDERED** that plaintiff's failure to comply with any part of this Order within THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, or failure to notify this Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b).

The Clerk is directed to send a copy of this Order to Plaintiff and all counsel of record.

Entered this _____ day of _____ 2025.

Alexandria, Virginia

/s/ _____
Rossie D. Alston, Jr.
United States District Judge

10